IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| TERESA ESPARZA, | § | |
| Plaintiff | § | |
| v. | § | CIVIL ACTION NO. 1:21-cv-757 |
| ADVANCED NETWORK MANAGEMENT, INC., | § | |
| Defendant. | § | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant Advanced Network Management, Inc. ("ANM") files Defendant's Notice of Removal in accordance with 28 U.S.C. §§ 1332(a) and 1446(a-d), ANM hereby removes to this Court the action styled *Teresa Esparza v. Advanced Network Management, Inc. d/b/a ANM d/b/a Network Management, Inc.* previously filed in the 327th Judicial District Court, El Paso County, Texas Cause No. 2021DCV2415, to this Court pursuant to the Court's original jurisdiction as provided by 28 U.S.C. § 1332. In compliance with 28 U.S.C. § 1446(a), ANM asserts the following grounds for removal:

### I. State Court Action

1. On July 13, 2021, a civil action was commenced in El Paso County District Court entitled *Teresa Esparza v. Advanced Network Management, Inc. d/b/a ANM d/b/a Network Management, Inc.*, Cause No. 2021DCV2415. True and correct copies of the pleadings in the state action, including Plaintiff's Petition and Defendant's Answer, are contained in the accompanying Appendix. App. at 1-27 (Ex. A).

### II. PARTIES & SERVICE

2. The state action pleading included in ANM Appendix constitutes all process,

pleadings, and orders served upon ANM in the state action to date and filed in the state court action. App. at 1-27 (Ex. A).

3. ANM, the sole defendant, was served with process on August 9, 2021. Therefore, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

### III. VENUE

4. Venue of the removed action is proper in this Court as it is the district and division embracing the place where the state action is pending in El Paso County, Texas. 28 U.S.C. § 1446(a).

### IV. PROCEDURAL HISTORY

5. This Notice of Removal is timely under 28 U.S.C. § 1445(b). It is being filed within thirty (30) days after acceptance of service of summons and complaint by ANM, a copy of the initial pleading setting forth the claim for relieve upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant.

6. As required by 28 U.S.C. § 1446(a), all process, pleadings, and orders received by ANM in the state court action are included in ANM's Appendix. App. at 1-27 (Ex. A).

7. As required by 28 U.S.C. § 1446(d), undersigned counsel certifies that written notice of the filings of this Notice of Removal will be given promptly to all parties and will be filed promptly with the clerk of the El Paso County District Court, Texas.

### V. BASIS FOR REMOVAL – DIVERSITY JURISDICTION

8. Removal under 28 U.S.C. § 1441 is appropriate because this case is an action over which this Court would have original jurisdiction pursuant to 28 U.S.C. § 1332. Specifically, the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of

citizenship exists between Plaintiff and ANM pursuant to 28 U.S.C. §§ 1332 & 1441.

9. Defendant ANM is a company organized, incorporated, and existing under the laws of the State of New Mexico with its principal place of business located at 4001 Jefferson Plaza NE, Albuquerque, NM 87109. App. at 28-34 (Ex. B, Stephens Dec; Ex. B-1, ANM Articles of Incorporation; Ex. B-2, ANM Business Profile). This has been true at all times since the date of the alleged conduct in question in this lawsuit. App. at 28-34 (Ex. B, Stephens Dec; Ex. B-1, ANM Articles of Incorporation; Ex. B-2, ANM Business Profile). Therefore, for the purposes of diversity jurisdiction, Defendant is a citizen of New Mexico pursuant to 28 U.S.C. § 1332(c)(1).

10. Plaintiff is an individual who is currently a resident of El Paso County, Texas and a citizen and resident of the State of Texas. App. at 2 (Ex. A, Pet. at ¶ 2).

11. Because Plaintiff has been at all relevant times and still is a citizen of the State of Texas and the sole Defendant has been at all relevant times and still is a citizen of the State of New Mexico, there is complete diversity of citizenship between plaintiff and defendant. 28 U.S.C. § 1332 (a) and (c).

12. Regarding the amount in controversy, Plaintiff has requested, among other things, relief in the form of "back pay, commissions, and benefits due at the time of trial, and … front pay and benefits for a period of five years beginning on the date of trial." App. at 15 (Ex. A, Pet. ¶ 84). Additionally, Plaintiff seeks punitive damages and her attorneys' fees. App. 15 (Ex. A, Pet. ¶ 85). "A case that presents a claim for multiple forms of relief, including punitive damages, suggests that the plaintiff … is seeking any possible grounds to maximize her recovery up to the cap" which is well above the [jurisdictional] threshold." *Napier v. Humana Marketpoint, Inc.*, 826 F.Supp.2d 984, 988-89 (N.D. Tex. 2011) (finding that plaintiff's requested relief of "front pay, back pay, and benefits" established on its face that the amount in controversy exceeded the

jurisdictional threshold). Here, Plaintiff's base salary at the time of her termination was $65,000. App. at 35 (Ex. B-3, Offer Letter). Considering only Plaintiff's request for five years of front pay at her base salary, the amount in controversy exceeds $325,000. The amount in controversy therefore exceeds the jurisdictional threshold.

13. Accordingly, this action may be removed from the District Court of El Paso County, Texas, and brought before the U.S. District Court for the Western District of Texas, El Paso, pursuant to 28 U.S.C. §§ 1332(a)(1), and 1441(a),(b), and (d).

14. ANM reserves the right to amend or supplement this notice of removal.

15. By removing this matter, ANM does not waive, and expressly preserves, any and all defenses it may have.

16. ANM, the removing party, will promptly give Plaintiff written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). ANM will promptly file a copy of this Notice of Removal with the Clerk of the El Paso County District Court where the state action is pending.

## VII. COUNSEL OF RECORD

17. The following is a list of all counsel of record:

| | |
|---|---|
| William E. Hammel | Soraya Yanar Hanshew |
| Texas Bar No. 24036714 | Texas Bar No. 24047151 |
| Fox Rothschild LLP | The Hanshew Law Firm, PLLC |
| 2501 N Harwood Street, Suite 1800 | 632 Moondale Dr. |
| Dallas, TX 75201 | El Paso, Texas 79912 |
| PH: (214) 231-5787 | PH: (915) 491-6181 |
| EM: bhammel@foxrothschild.com | EM: syhlaw@outlook.com |

## VIII. PRAYER

WHEREFORE, pursuant to 28 U.S.C. § 1446, Defendant removes the case styled *Teresa Esparza v. Advanced Network Management, Inc. d/b/a ANM d/b/a Network Management, Inc.*,

Cause No. 2021DCV2415, from the 327th Judicial District Court, El Paso County, Texas.

Dated : August 30, 2021

Respectfully submitted,                FOX ROTHSCHILD, LLP

                                        */s/William E. Hammel*
                                        William E. Hammel
                                        Texas Bar No. 24036714
                                        Fox Rothschild LLP
                                        2501 N Harwood Street, Suite 1800
                                        Dallas, TX 75201
                                        PH:  (214) 231-5787
                                        EM:  bhammel@foxrothschild.com
                                        Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I certify that on August 30, 2021, I filed a copy of the foregoing Defendant's Notice of Removal by using CM/ECF, which will send a notice of filing to the following:

Soraya Yanar Hanshew
Texas Bar No. 24047151
The Hanshew Law Firm, PLLC
632 Moondale Dr.
El Paso, Texas 79912
PH:  (915) 491-6181
EM:  syhlaw@outlook.com

                                        */s/ William E. Hammel*
                                        William E. Hammel