# EXHIBIT A

# REGISTER OF ACTIONS
## CASE NO. 2021DCV2415

| | |
|---|---|
| **TERESA ESPARZA v. Advanced Network Management, Inc. d/b/a ANM d/b/a Network Management, Inc.** §<br>§<br>§<br>§<br>§ | Case Type: **Wrongful Termination**<br>Date Filed: **07/13/2021**<br>Location: **327th District Court** |

---

### PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| **Defendant** | **Advanced Network Management, Inc.** | |
| **Plaintiff** | **ESPARZA, TERESA** | **SORAYA YANAR HANSHEW**<br>*Retained*<br>915-491-6181(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | |
|---|---|---|
| 07/13/2021 | **Original Petition (OCA)** | **Index # 1** |
| 07/13/2021 | **E-File Event Original Filing** | |
| 07/15/2021 | **Request** | **Index # 2** |
| 07/21/2021 | **Citation** | |
| | Advanced Network Management, Inc. | Unserved |

**IN THE** _____ **COURT**

**EL PASO COUNTY, TEXAS**

| | | |
|---|---|---|
| **TERESA ESPARZA,** | § | |
| | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | **Cause No.** _____ |
| **v.** | § | |
| | § | |
| **Advanced Network Management, Inc.** | § | **JURY TRIAL DEMANDED** |
| **d/b/a ANM d/b/a Network** | § | |
| **Management, Inc.;** | § | |
| | § | |
| *Defendant*. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, the Plaintiff, TERESA ESPARZA, and files this Original Petition, complaining of Defendant, **ADVANCED NETWORK MANAGEMENT, INC. d/b/a/ ANM d/b/a Network Management, Inc.** (hereafter, "Defendant" and "ANM") and for cause of action shows:

### A.  Discovery Control Plan

1.  Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

### B.  Parties

2.  Plaintiff TERESA ESPARZA (hereafter, "Plaintiff") is a female resident of El Paso County, Texas. Pursuant to Texas Civil Practice and Remedy Code § 30.014; Plaintiff's last three digits of her social security number are 505; Plaintiff's last three digits of her Texas driver's license are 783.

3.  Defendant **ADVANCED NETWORK MANAGEMENT, INC. *et al.*** (herein "Defendant" and "ANM") is a domestic corporation doing continuous business in the State of Texas, specifically in El Paso, Texas where it conducts business and has various open and

completed contracts with El Paso businesses. Defendant may be served with process by serving its registered agent CORPORATION SERVICE COMPANY d/b/a CSC-Lawyers Incorporating Service Company or any authorized officer or agent therein at 211 E. 7th Street, Suite 620, Austin, Texas 78701.

C.  Jurisdiction

4.   Jurisdiction is invoked to seek a redress of violations of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*, which Act's purpose is to secure to those within the state freedom from discrimination and retaliation in employment.  Plaintiff has been subjected to unlawful employment practices committed in the State of Texas, El Paso County.  Venue is proper because the cause of action arose in El Paso County which is where Plaintiff lives and where she conducted business for ANM during the course of her employment.

5.   Plaintiff is a female resident of the United States and, during all times material hereto, was a resident of El Paso County, Texas.

6.   Plaintiff is a Hispanic female over the age of forty at all times relevant to the present causes of action presented herein and is currently fifty-five years of age.

7.   Defendant employed Plaintiff for sales conducted in the El Paso, Texas area.

8.   ANM is an entity that does business and has done business in El Paso County, Texas for several years, and continues to do business in El Paso County at this time.  ANM is an employer within the meaning of the Texas Commission on Human Rights Act of 1983, TEX. LAB. CODE ANN. § 21.002(8).

9.   ANM is no doubt a (d)(1) employer within TEX. LAB. CODE ANN. § 21.2585 of the Act and may be categorized potentially as a (d)(4) employer within said section.

10. This is a proceeding for compensatory and injunctive relief, as well as all other relief applicable to secure the rights of plaintiff under TEX. LAB. CODE ANN. § 21.001, *et seq.* This is also a proceeding for declaratory relief pursuant to TEX. CIV. PRAC. & REM. CODE § 37.000, *et seq.*

D.  Facts

11. Plaintiff, Ms. Esparza, was employed by Defendant ANM on or about February 28, 2016, as an account manager in charge of the El Paso County territory. Plaintiff was responsible for growing ANM sales in and around the El Paso, Texas market.

12. Plaintiff's role as an Account Manager for ANM extended beyond the duties of an Account Manager to incorporate various roles for Defendant including but not limited to Sales, Business Development, Marketing, Inside Sales, and Contract Specialist.

13. During the course of her employment with ANM, Plaintiff was subjected to gender and age discrimination, a hostile work environment, and retaliation by her employer, ANM.

14. In and around July 2019, ANM hired a new, young male supervisor, Matt Elliot, who took over supervision of Plaintiff's employment and is currently ANM's Director of Sales.

15. Immediately upon being named as Plaintiff's supervisor, Elliot was hostile towards Plaintiff and initiated negative commentary against Plaintiff in the work environment.

16. Elliot commented to Plaintiff that she needed to be "less emotional" in the workplace, therein alluding her gender as female dictated, she had an emotional reaction to work concerns, and this was a detriment by comparison to a male reaction to issues.

17. Elliot did not hesitate to comment negatively about Plaintiff's age and gender openly to Plaintiff and others. Additionally, Plaintiff became aware that Elliot, almost immediately upon his arrival to ANM, was contacting her book of business and asking her clientele if they wanted her replaced on their account by a different sales agent.

18. Approximately five (5) months after coming on board to ANM and supervising Plaintiff, Elliot produced an unfounded negative employment evaluation for Plaintiff despite

her history of stellar work performance at ANM spanning back to 2016 (which he disregarded entirely) and his brief history at ANM, which included less than four personal interactions with Plaintiff.

19. Plaintiff opposed the negative evaluation and challenged the same to upper management, citing discrimination as a basis for the false claims asserted by Elliot within Plaintiff's performance evaluation.

20. As these events occurred, Plaintiff informed upper management on numerous occasions that she believed she was being discriminated against due to her sex (gender) and her age, being she was over the age of forty (40).

21. Despite Plaintiff's outcry, ANM escalated its discrimination against Plaintiff, therein retaliating against her by removing Plaintiff from her employment sales position she held since 2016.

22. ANM then moved Plaintiff to a newly created position that required she initiate sales in a newly founded area for the company (AV contracts) with no foundation, education, or assistance from ANM in this regard.

23. In and around the same time, Plaintiff's open and pending contracts from her original sales position with ANM which had been created, initiated, sustained and/or were being finalized by Plaintiff for her El Paso clientele, were taken from Plaintiff by ANM and delivered in their entirety to two newly hired employees who were respectively male and female under the age of forty.

24. Plaintiff's book of business, which she had built for years on her own for ANM, was delivered in its entirety, alongside many of the related commissions for such contracts, to

Al Zayed, a male employee, and to Sarah Cancellare, a female employee under the age of forty (40), who collectively replaced Plaintiff in her sales employment position with ANM.

25. Neither Zayed nor Cancellare were responsible for any of the contracts transferred from Plaintiff to their books.

26. In fact, almost immediately upon having her book of business transferred to her male and younger female replacement, Plaintiff began receiving calls from her clientele informing her that they were unhappy with the change and were not receiving proper attention and/or assistance from either Zayed or Cancellare.

27. Simultaneous to this, ANM thrust Plaintiff into a newly created line of sales for the company with no support, basis, and rationale for the same and demanded she meet an accelerated, disparate sales goal in this position.

28. Additionally, ANM required Plaintiff to groom, assist, and hand hold the new hires who were given Plaintiff's entire book of business upon taking Plaintiff's position with ANM. This was required of Plaintiff, in addition to developing an entirely new market of sales for ANM in El Paso County on her own, with no support or managerial direction.

29. As Plaintiff's replacements were given public kudos and acknowledgement for the closing of Plaintiff's created, administered, and finalized deals, Plaintiff was ignored by ANM or called out for being overly emotional in public, and for failing to meet a disparate and accelerated sales goal by comparison to her identically situated comparators.

30. On or about February 28, 2020, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission (herein the "EEOC"), Charge **NO. 453-2020-00696** opposing age and sex (gender) discrimination by ANM.

31. Plaintiff identified in her Charge of Discrimination that due to her age (over the age of forty) and gender (female), ANM removed her from her original sales position and moved her into a new sales position at the beginning of 2020, which disadvantaged her professionally and financially.

32. Plaintiff further stated in her original EEOC Charge that ANM subjected her to continuous age discrimination, replacing her with a younger female employee, as well as gender discrimination, replacing Plaintiff in the role she singularly developed for ANM with not only a younger female employee, but a second male employee, both of whom were tasked with doing the job Plaintiff alone did successfully for the company since 2016 without any assistance or managerial direction.

33. Plaintiff opposed the aforesaid age and gender discrimination, specifically filing the above referenced charge of discrimination, as well as openly opposing the discrimination to her supervisors and upper management.

34. Upon doing so, ANM, without basis to do so, placed Plaintiff on a performance improvement plan (herein "PIP").

35. ANM initiated the PIP against Plaintiff after she opposed discrimination in the workplace.

36. Plaintiff was required to participate in this PIP by ANM, despite the fact she was given no time at all to build a book of AV business, and was provided with zero leads to do so upon being forced into that transition by ANM.

37. By contrast, around the same time, ANM moved two men into AV sales and allowed them to receive and utilize established leads and to contact customers directly; two

business generating options that Plaintiff was not afforded or allowed to participate in by ANM.

38. The comparator AV sales positions were both filled by men. One man was under the age of forty (40) and the second AV salesman was potentially over the age of 40.

39. These men were identically situated comparators to Plaintiff aside from the aforesaid advantages afforded the men in contrast to Plaintiff, and one additional difference: The men were allowed to sell cabling along with AV products and Plaintiff was not; this was a stark disadvantage for Plaintiff as she attempted to establish herself in this new sales market.

40. Additionally, both men received 25-30 leads transferred to them from other representatives as they came on board to perform in this position, and Plaintiff received zero leads as she was forced to assume her new sales position with no assistance from ANM.

41. ANM continued to discriminate against Plaintiff, holding her to a disparate standard as her comparators and allowing male and younger employees to take Plaintiff's prior sales position, customers, and commissions.

42. On or about July 13, 2020, ANM terminated Plaintiff's employment in the face of her opposition of this discrimination in the workplace, while her EEOC Charge of Discrimination was being investigated by the EEOC.

43. It is clear ANM terminated Plaintiff's employment in retaliation for her opposition of discrimination and her participation in an investigation of the same by the EEOC.

44. Plaintiff was discriminated and retaliated against in the manner described above, because of her sex (female) and age (older than 40); in violation of Chapter 21 of the Texas Labor Code which mirrors TITLE VII of the Civil Rights Act of 1964, as amended and the Age Discrimination in Employment Act.

45. Additionally, ANM further aided and abetted discrimination which is also unlawful pursuant to Texas Labor Code Section 21.056.

46. Within the appropriate time of the acts of which Plaintiff complains, on or about February 28, 2020; and July 24, 2020; Plaintiff filed her charges of discrimination and retaliation respectively, under oath, with the Equal Employment Opportunity Commission ("EEOC"). Pursuant to the "work sharing agreement" between the Texas Workforce Commission (herein, "TWC") and the EEOC, the charge was investigated thereafter by the EEOC. Plaintiff's Charges of Discrimination and Retaliation are attached and incorporated herein as Exhibit "A."

47. Plaintiff received Right to Sue Letters regarding such charges from the EEOC and attaches them herein as Exhibit "B."

48. Likewise, Plaintiff has requested correspondent Right to Sue Letters from the TWC and will amend her Original Petition with these letters upon receipt of the same.

49. Accordingly, Plaintiff timely files this suit.

50. As such, all conditions precedent to the filing of this action have been fulfilled.  To the extent any time limits have not been complied with, same are futile, have been waived, or are tolled on account of agreement and/or fraud; Defendant is estopped from asserting the same.

E.  Claims for Relief

**COUNTS ONE - THREE**
**(GENDER DISCRIMINATION AGAINST DEFENDANT)**

51.     Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

52. Plaintiff, a female, is a member of a protected class pursuant to the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*

53. Defendant discriminated against Plaintiff on account of her sex [gender] in violation of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.,* by subjecting Plaintiff to a discriminatory environment based on her gender, and a hostile work environment where upper-level management allowed female employees to be subjected to gender discrimination and harassment by management.

54. Plaintiff asserts that her sex [gender] was a motivating factor and consideration in Defendant's mistreatment, abuse, and discrimination against her person during the course of her employment therefore violating TEX. LAB. CODE ANN. § 21.001, *et seq*.

55. Moreover, when Plaintiff opposed the discrimination and hostile work environment at ANM, and requested cessation of the same and education on anti-discrimination be implemented in the workplace, Defendant retaliated against Plaintiff by abusing her during the course of her employment, and ultimately terminating her from her employment, therein violating TEX. LAB. CODE ANN. § 21.001, *et seq*.

56. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

    (a) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

    (b) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future.

57. Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

58. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory and injunctive relief as a means of securing relief for such wrongs.

### (AGE DISCRIMINATION AGAINST DEFENDANT)

59. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

60. Plaintiff, a female over the age of 40 during her employment with ANM, is a member of a protected class pursuant to the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*

61. Defendant discriminated against Plaintiff on account of her AGE in violation of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.,* by subjecting Plaintiff to a discriminatory environment based on her AGE, and a hostile work environment where upper-level management allowed female employees over the age of 40, to be subjected to age discrimination and harassment by management.

62. Plaintiff asserts that her age was a motivating factor and consideration in Defendant's mistreatment, abuse, and discrimination against her person during the course of her employment therefore violating TEX. LAB. CODE ANN. § 21.001, *et seq.*

63. Moreover, when Plaintiff opposed the discrimination and hostile work environment at ANM, filed an EEOC Charge relaying the same to the EEOC, and requested cessation of the same and education on anti-discrimination be implemented in the workplace, Defendant retaliated against Plaintiff by abusing her during the course of her employment, and ultimately terminating her from her employment, therein violating TEX. LAB. CODE ANN. § 21.001, *et seq.*

64. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

(c) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

(d) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future.

65. Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

66. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory and injunctive relief as a means of securing relief for such wrongs.

### (RETALIATION AGAINST DEFENDANT)

67. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

68. Plaintiff, a female over the age of 40 during her employment with ANM, is a member of a protected class pursuant to the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*

69. Defendant discriminated against Plaintiff on account of her GENDER & AGE in violation of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.,* by subjecting Plaintiff to a discriminatory environment based on her GENDER & AGE, and a hostile work environment where upper-level management allowed female employees over the age of 40, to be subjected to age discrimination and harassment by management.

70. Moreover, when Plaintiff opposed the discrimination and hostile work environment at ANM, filed an EEOC Charge outcrying this discrimination to the EEOC, and internally requested cessation of the same and education on anti-discrimination be implemented in the workplace, Defendant retaliated against Plaintiff by abusing her during the course of her employment, committing repeated adverse actions against her and ultimately terminating her from her employment, therein violating TEX. LAB. CODE ANN. § 21.001, *et seq*.

71. Plaintiff asserts that this retaliation was a motivating factor, if not *the* motivating factor and consideration in Defendant's mistreatment, abuse, and discrimination against her person during the course of her employment culminating in her termination, therefore violating TEX. LAB. CODE ANN. § 21.001, *et seq*.

72. As a direct and proximate result of the foregoing, Plaintiff was caused to suffer injury and resulting damages, for which she sues, including, but not limited to:

(e) mental/emotional anguish, inconvenience, physical anxiety, physical pain and discomfort, physical ailments, loss of enjoyment of life, humiliation, and the like, past and future;

(f) back pay, front pay, loss of earnings and earning capacity, loss of employment, damage to her career and to her professional and personal reputation, and employment benefits, past and future.

73. Defendant acted with malice or reckless indifference to the state-protected rights of Plaintiff, and Plaintiff seeks punitive damages for this outrageous conduct.

74. Plaintiff is now suffering and will continue to suffer irreparable injury from Defendant's policies, practices, customs, and usages set forth herein, thus she requests declaratory and injunctive relief as a means of securing relief for such wrongs.

## F. CONDITIONS PRECEDENT

75. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

76. All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.   Tex. R. Civ. P. 54.

77. The above claims are made additionally and in the alternative.

78. Plaintiff reserves the right to amend or supplement this pleading.

<u>G.  DEMAND FOR JURY</u>

79. Plaintiff re-alleges and incorporates by reference all preceding paragraphs of this Original Petition and all succeeding paragraphs of this Original Petition, as if fully set forth herein.

80. Plaintiff demands a jury trial at this time.

<u>H. Prayer</u>

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectively prays that Defendant be cited to appear and answer herein, and that upon final hearing hereof, the Court grant Plaintiff the following relief:

81. Find Defendant's practices complained of herein, *i.e.*, including but not limited to Defendant's unlawful treatment and termination of Plaintiff based upon Plaintiff's age and sex [gender] and retaliation due to her opposition of discrimination in the workplace, to be in violation of Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*

82. Grant Plaintiff a declaratory judgment, declaring Defendant's practices complained of herein to be in violation of the Texas Commission on Human Rights Act of 1983 (TCHRA), *as amended*, TEX. LAB. CODE ANN. § 21.001, *et seq.*

83. Order Defendant to rehire Plaintiff into the position or a position substantially similar to the one from which she was terminated from, with full salary, training, seniority, commissions, benefits, pay increases, promotions, awards, bonuses, and the like, with full back pay (and interest thereon), and benefits she would have received had she never been

discriminated against or terminated, and as if she had worked in a discrimination-free/reprisal-free environment.

84. In lieu of reinstatement, order Defendant to pay Plaintiff all the back pay, commissions, and benefits due at the time of trial, and to pay Plaintiff front pay and benefits for a period of five years beginning on the date of trial.

85. Order Defendant to pay Plaintiff all actual damages accrued by Plaintiff, including but not limited to past and future lost wages, past and future lost benefits, lost benefits of contract, owed past and future commissions, consequential damages, reinstatement of lost fringe benefits or seniority rights; as well as, mental anguish / compensatory damages; Exemplary / punitive damages; Pre-judgment and post-judgment interest as allowed by law; Court costs and expenses, and litigation expenses, including but not limited to the expenses for any expert witnesses; Equitable relief, including reinstatement, front pay; Attorneys' fees; and,

86. Any such further relief as the Court deems proper and just under the circumstances.

87. Enter judgment awarding Plaintiff compensatory damages from Defendant as later determined on all causes of action.

88. Enter judgment awarding Plaintiff punitive or exemplary damages from Defendant for its willful, malicious and/or reckless conduct in an amount to be determined by the jury at trial, which will appropriately punish Defendant for its misconduct, and which will appropriately deter Defendant from engaging in such misconduct in the future.

89. Enter judgment awarding Plaintiff prejudgment and post judgment interest as allowed by law at the legal rate.

90. Enter judgment awarding Plaintiff her cost of court and accrued attorney's fees.

91. Grant such other and further relief at law or in equity, as the arbitrator deems necessary and proper.

Respectfully submitted,
The Hanshew Law Firm, PLLC
**Soraya Yanar Hanshew, Esq.**
632 Moondale Dr.
El Paso, Texas  79912
syhlaw@outlook.com
(915) 491-6181 Telephone
(915) 996-9907 Facsimile


SORAYA YANAR HANSHEW
State Bar No. 24047151

**ATTORNEY FOR PLAINTIFF**


**EXHIBIT "A"**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | 453-2020-00696 |

**Texas Workforce Commission Civil Rights Division**  and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Teresa Esparza** | | **1966** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2735 Wheeling Ave, El Paso, TX 79930** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ANM** | **Unknown** | **(866) 527-8822** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4001 Jefferson Plaza Ne,  Albuquerque, NM 87109** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☐ RETALIATION  ☒ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **07-01-2019**   Latest **01-01-2020**

☒ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

**PERSONAL HARM:**

I. On or about February 29, 2016, I was hired as an Account Manager, job I have been doing for the past three and a half years successfully.

II. On or about July 2019, Matt Eliott was hired as my new supervisor.

III. On or about November 2019, I was reassigned to another position by Ramindor Mann, I was told that I would probably do better there because I was "different and an anomaly".

IV. On or about January 2020, I received my first performance evaluation in my time with ANM. Matt Eliott told me they were unsatisfied with my account management style and told me I needed to be less emotional in my emails.

V. Because of this position change I have lost client relationships and accounts that would have awarded me commissions that now are being managed by two younger account managers that replaced me.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 28, 2020**     *J. Esparza*  <br>  Date              Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | |
| | ☒ EEOC | **453-2020-00696** |

**Texas Workforce Commission Civil Rights Division**                    and EEOC

*State or local Agency, if any*

**RESPONDENT'S REASONS FOR ADVERSE ACTION:**

II.      No legitimate reasons were provided. I was told I was emotional in my emails and that they had issues with my management style. I believe this to be pretext and a way to remove me from a job I was performing successfully for several years just because I am a female over the protected age group.

**DISCRIMINATION STATEMENT:**

III.      I believe I have been discriminated against, in the manner described above, due to my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended. I also believe that I have been discriminated against, in the manner described above, due to my age (54), in violation of the Age Discrimination in Employment Act of 1967, as amended.

RCVD EEOC ELPA FEB 28 2020 AM 11:19

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| **Feb 28, 2020** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*          *Charging Party Signature* | |

**App. 018**

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☒ EEOC | **453-2020-01181** |

| **Texas Workforce Commission Civil Rights Division** | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Teresa Esparza** | **(214) 781-0719** | **01/11/1966** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2735 WHEELING AVE., EL PASO TEXAS 79930** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **ANM** | **100-500** | **866-527-8822** |

| Street Address | City, State and ZIP Code |
|---|---|
| **4001 JEFFERSON PLAZA, NE ALBUQUERQUE, NM 87109 and 500 W Overland Ave. STE 250-P 79901** | |

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **07-01-2019**  Latest **07-13-2020**
☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about February 28, 2020, I filed an EEOC CHARGE NO. 453-2020-00696 opposing age and sex (gender) discrimination by my employer ANM. I identified that due to my age and gender, ANM removed me from my original sales position into a new position at the beginning of this year, which disadvantaged me professionally and financially. In addition, ANM subjected me to continuous age discrimination, replacing me with a younger female employee, as well as gender discrimination, replacing me in the role I originally held with company with not only a younger female employee, but a second male employee, both of whom were tasked with doing the job I did successfully for the company alone. I opposed this discrimination, specifically filing the above referenced charge of discrimination, as well as openly opposing the discrimination to my supervisors and management. Upon doing so, ANM, without basis to do so, placed me on a PIP. On or about July 13, 2020 ANM terminated my employment. I believe I was terminated by ANM because I have a pending EEOC CHARGE OF DISCRIMINATION currently with the EEOC, Charge No. 453-2020-00696 and because I openly opposed the discrimination I was subjected to in the workplace, including but not limited to, the company replacing me in my original position with ANM with a younger female employee and a male employee. ANM was aware of my pending charge to the EEOC and my internal reports and outcries against discrimination and chose to terminate my employment for this reason, and not for the alleged reasons stated upon my termination.

**I believe I was discriminated and retaliated against in the manner described above, because of my sex (female) and age (older than 40); in violation of TITLE VII of the Civil Rights Act of 1964, as amended and in violation of the Age Discrimination in Employment Act.**

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |

*7/24/2020*        *Teresa Esparza*

Date        Charging Party Signature

App. 019

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA. Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements. You will be told which agency will handle your charge. When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter. Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings. Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge. Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

**App. 020**

**EXHIBIT "B"**

EEOC Form 161 (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To:  **Teresa Esparza**<br>**2735 Wheeling Ave**<br>**El Paso, TX 79930** | From:  **El Paso Area Office**<br>**100 N. Stanton St.**<br>**6th Floor, Suite 600**<br>**El Paso, TX 79901** |

| ☐ | *On behalf of person(s) aggrieved whose identity is*<br>*CONFIDENTIAL (29 CFR §1601.7(a))* | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **453-2020-00696** | **Susana I. Nahas,**<br>**Investigator** | **(915) 995-8842** |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

| | | |
|---|---|---|
| Elizabeth Porras  <small>Digitally signed by  Elizabeth Porras<br>Date: 2021.04.09 13:49:52 -06'00'</small>  **for** | | 04/16/2021 |
| Enclosures(s) | **Ligita D. Landry,**<br>**Director, El Paso Area Office** | *(Date Issued)* |

cc:
**Jay J. Athey**
**Jackson Lewis P.C.**
**800 Lomas Blvd NW, Suite 200**
**Albuquerque, NM 87102**

**Soraya Yanar Hanshew**
**632 MOONDALE DR.**
**El Paso, TX 79912**

Enclosure with EEOC
Form 161 (11/2020)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *issued* to you (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually  can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit <u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request** <u>within 6 months</u> of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To   Teresa Esparza
2735 Wheeling Ave
El Paso TX 79930

From   El Paso Area Office
100 N. Stanton St.
6th Floor Suite 600
El Paso, TX 79901

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 453 2020 01181 | Susana L Nahas, Investigator | (915) 995 8842 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

| | |
|---|---|
| [ ] | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
| [ ] | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
| [ ] | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes. |
| [ ] | Your charge was not timely filed with EEOC, in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| [X] | The EEOC issues the following determination. The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge. |
| [ ] | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge. |
| [ ] | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit <u>against the respondent(s)</u> under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.

On behalf of the Commission

Elizabeth Porras *for*   6/10/2021

Land D Landry,
Director El Paso Area Office

*(Date Issued)*

Enclosures(s)

cc:

Meralys Stephens
Director of HR
ANM
4001 JEFFERSON PLZ NE
Albuquerque. NM 87109

Soraya Yanar Hanshew
THE HANSHEW LAW FIRM, PLLC
632 Moondale Dr
El Paso TX 79912

**The Hanshew Law Firm, PLLC**
**Soraya Yanar Hanshew, Esq.**
**632 Moondale Dr.**
**El Paso, Texas 79912**
**Telephone: (915) 491-6181**
**Facsimile (915) 996-9907**

Soraya Yanar Hanshew                          Email: syhlaw@outlook.com
Attorney at Law                               www.hanshewlawfirm.com

July 15, 2021

**VIA ELECTRONIC FILING**
El Paso District Clerk's Office
500 E. San Antonio
Suite 103
El Paso, Texas 79901

   RE:    *TERESA ESPARZA v. ANM et al.; 2021-DCV-2415*

Dear EL PASO DISTRICT CLERK,

       I represent Ms. TERESA ESPARZA against ANM et al. in the recently filed **CAUSE NO 2021-DCV-2415**. I have filed my client's ORIGINAL PETITION and it was accepted by the Clerk's office upon submission. PLEASE NOTE THE PETITION DOES NOT REFELCT THE CASE HAS BEEN ASSIGNED TO A PARTICULAR COURT. PLEASE CONFIRM COURT ASSIGNMENT AT YOUR EARLIEST CONVENIENCE.

       Further, I paid for a SERVICE CITATION VIA THE EFILE SERVICE to SERVE THE **DEFENDANT**:

> Service will be effectuated by serving its registered agent **CORPORATION SERVICE COMPANY d/b/a CSC-Lawyers Incorporating Service Company** or any authorized officer or agent therein.
>
> **SERVICE MAY BE EFFECTUATED AT THIS LOCATION:**
>
> Via CERTIFIED MAIL at **211 E. 7th Street, Suite 620, Austin, Texas 78701.**

       Please email the SERVICE CITATION upon its completion to my process server YVONNE FLORES AT PCP PROCESS SERVICE AT HER EMAIL: **myvnflo@sbcglobal.net.**

If you have any questions or concerns, please do not hesitate to contact me at: (915) 491-6181.
I look forward to hearing from you.

Sincerely,

SORAYA YNAR HANSHEW, Esq.

Filed on  July 21, 2021
3:22PM
Norma Favela Barceleau
District Clerk
El Paso County, Texas
Cables, Veronica

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued.  You may employ an attorney.  If you, or your attorney, do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."

TO:  **ADVANCED NETWORK MANAGEMENT, INC. d/b/a ANM d/b/a NETWORK MANAGEMENT, INC.**, which may be served with process **by serving its registered agent, CORPORATION SERVICE COMPANY d/b/a CSC-LAWYERS INCORPORATING SERVICE COMPANY, at 211 E 7TH STREET, SUITE 620, AUSTIN, TX  78701**

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **327th Judicial District Court,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the 13th day of July, 2021, by Attorney at Law SORAYA YANAR HANSHEW 632 MOONDALE DR  EL PASO TX  79912 in this case numbered **2021DCV2415** on the docket of said court, and styled:

**TERESA ESPARZA**

v.

**ADVANCED NETWORK MANAGEMENT, INC. D/B/A ANM D/B/A NETWORK MANAGEMENT, INC.**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on the 21st day of July, 2021.

Attest:  NORMA FAVELA BARCELEAU, District Clerk, El Paso County, Texas.

CLERK OF THE COURT
**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso Texas, 79901

By _____, Deputy
Veronica Cables

ATTACH
RETURN RECEIPTS
WITH
ADDRESSEE'S SIGNATURE
Rule 106 (a) (2) the citation shall be served by mailing to the defendant by Certified Mail Return receipt requested, a true copy of the citation. Sec. 17.027 Rules of Civil Practice and Remedies Code if not prepared by Clerk of Court.

CERTIFICATE OF DELIVERY BY MAIL

I hereby certify that on the _____ day of _____, 2021, at _____ I mailed to _____
_____
Defendant(s) by registered mail or certified mail with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the Plaintiff's Original Petition attached thereto.

_____
*NAME OF PREPARER                    TITLE
_____
ADDRESS
_____
CITY               STATE          ZIP

_____
                    TITLE

**App. 026**

**RETURN OF SERVICE**

Delivery was completed on _____, delivered to_____

_____ as evidence by Domestic Return Receipt PS Form 3811

attached hereto.

      The described documents were not delivered to the named recipient. The certified mail envelope was returned

undelivered marked _____.

      This forwarding address was provided:_____


                         El Paso County, Texas

By:_____

                     Deputy District Clerk

                                OR

_____

                     Name of Authorized Person

By:_____


**VERIFICATION BY AUTHORIZED PERSON**

State of Texas

County of El Paso

      Before me, a notary public, on this day personally appeared _____, known to me to be the person

whose name is subscribed to the foregoing Return of Service, and being by me first duly sworn, declared, "I am

disinterested party qualified to make an oath of that fact and statements contained in the Return of Service and true and

correct."

                         Subscribed and sworn to be on this _____ day

                         of _____, _____.


                         _____

                         Notary Public, State of _____

                         My commission expires:_____